IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE ALFREDO JIMENEZ,
   Plaintiff,

vs.            5:08cv345/MCR/MD

C.O. REEDER
   Defendant.

---

## **REPORT AND RECOMMENDATION**

  This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. The initial partial filing fee has been paid. (Doc. 13).

  Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx.

682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff states in his complaint that he has been incarcerated at Calhoun Correctional Institution since August 26, 2008. He maintains that he cold his classification officer, Mrs. Reeder, that he was a disabled American veteran, and requested that he not

be placed to work in the kitchen or food service. However, he was ultimately assigned to work in this location against his will. He claims violations of the Americans with Disabilities Act, racial discrimination, sexual discrimination, and a violation of due process. He seeks compensatory and punitive damages for mental and emotional damage.

Plaintiff also states that he was court ordered as part of his plea agreement to participate in a drug rehabilitation program. Apparently Calhoun CI does not have such a program, and he seeks transfer to another institution. There are no allegations connecting Mrs. Reeder's to or assigning her responsibility for plaintiff's institutional assignment.

Plaintiff's claim for monetary damages for mental and emotional anguish is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Yates*, 535 F.3d at 1321 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532. This action, whether brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., or pursuant to 42 U.S.C. § 1983 is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only "pain and suffering," i.e., mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

*Case No: 5:08cv345/MCR/MD*

Based on the foregoing, the incarcerated plaintiff's damages claim is subject to dismissal without prejudice unless he alleges physical injury.[1] Further, he must allege more than a *de minimis* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury), *cert. denied*, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002). In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from defendants' conduct. Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.[2]

---

[1] The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA) Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). See also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

[2] Because plaintiff's damages claims are prohibited, the court does not reach the issue of whether the conditions imposed upon him in his work detail by virtue of his unspecified disability constituted an atypical and significant hardship on him, or affected a protected liberty interest. See *Serrano v. Francis*, 345 F.3d 1071, 1079, (9th Cir. 2003).

Plaintiff seeks a transfer to another institution because the institution where he is currently housed does not allow him to comply with the directives of the sentencing court with respect to drug rehabilitation treatment. He frames his claim in terms of due process.

The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law. U.S. Const. amend. XIV. A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient. *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454. 459-60, 109 S.Ct. 1904, 104 L.Ed 2d 506 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court redefined the circumstances in which a liberty interest will arise in the prison context for purposes of the protections of the Due Process Clause. *Id.*, 515 U.S. at 484, 115 S.Ct. 2293. Rejecting the prior manner of searching state statutes and prison regulations for mandatory language, the Supreme Court limited State created liberty interests to restraints which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Thus, if the restraint does not exceed the sentence itself such as to give rise to protection by "the Due Process Clause of its own force," the restraint must be atypical in relation to the ordinary incidents of prison life. *Id.* The *Sandin* Court concluded that 30 days disciplinary confinement in a special holding unit did not constitute such atypical, significant hardship sufficient to create a liberty interest. *Id.*, 515 U.S. at 486, 115 S.Ct. 2293. Plaintiff's complaint does not establish a constitutional interest, pursuant to the Due Process Clause or otherwise, in a drug rehabilitation program.

In *Fiallo v. DeBatista*, 666 F.2d 729, 730-731 (1st Cir. 1981), the First Circuit considered the case of an inmate who received treatment in institutional programs at the prisons where he was incarcerated, but sought a transfer to a residential drug treatment facility to obtain more comprehensive therapy. The court dismissed the case finding no "authority for the proposition that a prison inmate has a federal constitutional right to rehabilitation. Indeed, all indications appear to be to the contrary." *Fiallo*, 666 F.2d at 730

(citing *Hutto v. Finney*, 437 U.S. 678, 686 n.8, 98 S.Ct. 2565, 2571 n.8, 57 L.Ed.2d 522 (1978); cf. *Rhodes v. Chapman*, --U.S. --, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (restrictive jail conditions alone are not constitutional violation)). The First Circuit found that the substantive federal right most closely implicated by plaintiff's allegations to be the Eighth Amendment right not to be denied necessary medical treatment, a right which encompasses drug addiction therapy. *Fiallo*, 666 F.2d at 731 (citing E.g., *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 760-61 (3rd Cir. 1979) (denial of methadone treatment to pretrial detainees)). It further found that the facts of plaintiff's case, fell far short of stating an Eighth Amendment claim, because he had not alleged deprivation of essential treatment or indifference to serious needs, only that he had not received the type of treatment he desired. *Fiallo*, 666 F.2d at 731 (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.") Here, even if plaintiff had claimed an Eighth Amendment violation, he clearly does not allege deprivation of essential treatment or indifference to serious medical needs, only that he has not received treatment which would enable him to comply with the sentencing court's directive.

Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *Lewis v. Casey*, 518 U.S. 343, 386-387 n.8, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (citing *Procunier v. Martinez*, 416 U.S. 396, 404-06, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Newman v. Alabama*, 683 F.2d 1312, 1320 (11th Cir. 1982), *cert*. *denied*, 460 U.S. 1083 (1983). Presumably, this includes the question of transfers. Furthermore, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983); see also *Barfield v. Brierton*, 883 F. 2d 923, 936 (11th Cir. 1989) (citing *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)) ("Inmates usually possess no constitutional right to be housed at one prison over another.")

Finally, in his statement of claim, plaintiff also lists "sexual discrimination" and "racial discrimination." There are no allegations in his complaint to support these claims, and they should be dismissed.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 28th day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).